McCORD, Judge.
Appellant was found guilty by jury of robbery and two aggravated assaults. He appeals the judgments and sentences. The primary question on this appeal is whether or not the court erred in denying appellant’s pretrial motion for discharge based upon appellant’s contention that the time within which he could be tried had expired under Fla.R.Crim.P. 3.191(b)(3) (the speedy trial rule).
Appellant was arrested on October 31, 1968 for robbery and two counts of assault with intent to commit murder (the jury found him guilty on the latter two counts of the lesser included offenses — aggravated assault). Informations were filed on December 18, 1968, and appellant was arraigned on the next day. On March 23, 1969, appellant escaped from the Alachua County Jail and was not returned to custody until September 14, 1971. He escaped again from the Alachua County Jail on September 10, 1972, but was returned to custody three days later and was tried on these charges on October 11, 1972. The trial resulted in a mistrial, and on October 15, 1972, appellant again escaped from the Alachua County Jail and it was later learned that he was serving a sentence in Texas. On April 19, 1973, the Alachua County Sheriff’s Office filed a detainer against appellant with the Texas authorities with respect to two informations they had pending against him (He was wanted for a total of 11 charges). On June 25, 1973, the Texas authorities acknowledged receipt of the detainer as to one of the two informations. On February 23, 1974, appellant wrote his former attorney in Florida asking about the charges pending against him and stating that the only charges still remaining should be the last two escapes and the charges which had previously resulted in a mistrial — the robbery and two charges of assault with intent to commit murder. The public defender who previously represented appellant was no longer available, so the court on April 23, 1974, appointed new counsel. On May 2, 1974, staff counsel for Texas prison inmates wrote the Circuit Court of Alachua County requesting that the case on which they had acknowledged receipt of a detainer be dismissed or a speedy trial given. Circuit Judge Theron Yawn then wrote the state attorney on July 12, 1974, concerning the need to extradite appellant.
On July 30, 1974, appellant’s Florida court appointed counsel filed a demand for speedy trial on the three charges here involved. Appellant contends that this date triggered the beginning of the running of time under the speedy trial rule and the state thereafter had six months within which to bring him to trial. On September 27, 1974, appellee applied to Texas for appellant’s release to Florida. On October 20, 1974, the governors of Florida and Texas executed an executive agreement for appellant to be returned to Florida and on November 25,1974, the Texas authorities notified the Alachua County Sheriff that they would release appellant on four days’ notice. On December 5, 1974, appellant was returned to Florida and incarcerated at the Florida State Prison at Lake Butler. He was arraigned on December 9 and the trial was set for February 17,1975. On January 31, 1975, the state moved for a continuance on the ground that it was impossible to prepare such old cases for trial in such a short time (eight other cases were involved in addition to the instant three). The court granted the motion continuing the case until the March term. On March 3, 1975, appellant’s attorney filed six subpoenaes for depositions to be held on March 6 and on March 4 appellant filed a motion for discharge under the speedy trial rule contending that he was entitled to discharge since he had not been tried within six months of his July 30, 1974, demand for speedy trial. The court denied the motion in all cases except one which was an unrelated escape charge. Appellant was tried on March 19, 1975.
Fla.R.Crim.P. 3.191(b)(3) provides that a person who is imprisoned upon conviction of *517 a crime in a penal or correctional institution outside the jurisdiction of Florida and who is charged with a crime by indictment or information issued or filed under the laws of Florida is entitled to a speedy trial upon demand filed with the court having jurisdiction and upon service on the prosecuting attorney. It further provides that after demand has been filed, such person is entitled to trial within six months commencing after the prosecuting attorney has filed a detainer or has otherwise attempted to secure the presence of the accused for trial or within a reasonable time as determined by the court if the prosecutor has not acted in response to the demand for trial. The rule further provides, however, that the court before granting a motion for discharge shall ascertain that such person has been continuously available for return to this jurisdiction for trial during such period of time. It also states that no rights shall accrue to a person if he refuses to execute every waiver, consent or release necessary to secure his return to this jurisdiction or if the custodial officials of the jurisdiction in which he is confined refuse to release him for return to this jurisdiction for trial while such refusal continues. The rule further states:
“The primary burden for bringing about a speedy trial is on the defendant; however, upon demand, the State must act affirmatively to give such person a speedy trial and must employ all reasonable means to do so.”
Here, appellant was serving a prison sentence in Texas and could only be released to Florida for trial with the consent of the State of Texas. This would necessitate his being “loaned” to Florida by Texas and then returned to Texas after his Florida trial. We do not consider that there was any unreasonable' delay by the State in efforts to procure release of appellant from Texas after he filed his motion for speedy trial, but the Alachua County Sheriff was not notified by Texas authorities that they would release appellant until November 25, 1974: Thus, appellant who was serving a Texas sentence was not made available by Texas for release to Florida until that date. This, in effect was a refusal by Texas to release appellant to Florida until such was dissipated by the notice of November 25, 1976. Thus, since under the rule no rights accrued to appellant until that time, we construe the rule as it applies to this case to mean that the six months period for appellant’s trial began to run when the Alachua County Sheriff received the notice of appellant’s availability from the Texas authorities. Appellant was tried within six months from that date.
We have considered the other contentions made by appellant in his brief and find no error in relation to them.
AFFIRMED.
MILLS, J., and DRURY, W. A., Associate Judge, concur.